# UNITED STATES DISTRICT COURT
# DISTRICT OF DELAWARE

| | |
|---|---|
| MARIE L. SMITH,<br><br>        Plaintiff,<br><br>vs.<br><br>CITIBANK, NA,<br><br>        Defendant. | Case No. 1:23-cv-00621-CFC |

## OPENING BRIEF OF DEFENDANT CITIBANK, NA IN SUPPORT OF MOTION TO DISMISS COMPLAINT

OF COUNSEL

Daniel J. McKenna
BALLARD SPAHR LLP
1735 Market Street
Philadelphia, PA 19103
Email:  mckennad@ballardspahr.com

R. Michael Lindsey (# 2711)
BALLARD SPAHR LLP
919 N. Market Street
11th Fl. Wilmington, DE  19801
Telephone: (302) 252-4465
Facsimile: (302) 252-4466
Email: LindseyRM@ballardspahr.com

Dated:  July 10, 2023

## TABLE OF CONTENTS

                                                                                                         **Page**

NATURE AND STAGE OF THE PROCEEDINGS ............................................... 1

SUMMARY OF ARGUMENT ........................................................................... 1

CONCISE STATEMENT OF FACTS .................................................................. 2

ARGUMENT ....................................................................................................... 2

      I.     STANDARD OF REVIEW ................................................................ 2

      II.    PLAINTIFF'S FCRA CLAIM FAILS AS A MATTER OF LAW ........................................................................................................ 2

      III.   PLAINTIFF'S STATE LAW CLAIMS ARE PREEMPTED ............. 6

CONCLUSION ..................................................................................................... 7

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Abeer Tutanki v. Bank of Am.*,
   2012 U.S. Dist LEXIS 75271 (D.N.J. May 31, 2012)..........................................5

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009)...........................................................................................2

*Batterman v. BR Carroll Glenridge, LLC*,
   2020 U.S. Dist. LEXIS 63117 (N.D. Ga. Apr. 10, 2020).....................................5

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007)...........................................................................................2

*Berkery v. Equifax Info. Servs. LLC*,
   2019 U.S. Dist. LEXIS 73906 (E.D. Pa. May 2, 2019).......................................5

*Burrell v. DFS Servs., LLC*,
   753 F. Supp.2d 438 (D. N.J. Dec. 6, 2010) ........................................................4

*Cosmas v. Am. Express Centurion Bank*,
   757 F.Supp.2d 489 (D. N.J. 2010)......................................................................7

*Covington v. Equifax Info. Servs.*,
   2019 U.S. Dist. LEXIS 152959 (D.N.J. Sept. 6, 2019).......................................6

*Davenport v. Capio Partners, LLC*,
   No. 1:20-cv-1700, 2022 U.S. Dist. LEXIS 11771 (M.D. Pa. Jan.
   21, 2022) .............................................................................................................4

*Davis v. BAC Home Loans Servicing, L.P.*,
   2022 U.S. Dist. LEXIS 177929 (D. Del. Sept. 28, 2022)....................................6

*Dimedio v. HSBC Bank*,
   2009 U.S. Dist. LEXIS 52238 (D.N.J. June 22, 2009)........................................4

*Doster v. Experian Info. Sols.*,
   2017 U.S. Dist. LEXIS 8412 (N.D. Cal. Jan. 20, 2017)......................................5

*Eades v. Wetzel*,
    841 F. App'x 489 (3d Cir. 2021) ................................................................................4

*Hamer v. Navient Corp.*,
    2019 U.S. Dist. LEXIS 140741 (D. Del. Aug. 19 2019) ......................................6

*Henderson v. Equable Ascent Fin., LLC*,
    2011 U.S. Dist. LEXIS 127662 (D.N.J. Nov. 4, 2011) ........................................4

*Holland v. Chase Bank United States, N.A.*,
    475 F. Supp. 3d 272 (S.D.N.Y. 2020) ..................................................................5

*Horsch v. Wells Fargo Home Mortg.*,
    94 F. Supp. 3d 665 (E.D. Pa. 2015) .....................................................................3

*Krajewski v. Am. Honda Fin. Corp.*,
    557 F. Supp. 2d 596 (E.D. Pa. 2008) ...................................................................4

*Labreck v. Bank of Am., N.A.*,
    2017 U.S. Dist. LEXIS 183314 (D. Del. Nov. 6, 2017) .......................................6

*Leboon v. Equifax Info. Servs., LLC*,
    2020 U.S. Dist. LEXIS 21140 (E.D. Pa. Feb. 6, 2020) ........................................5

*Parker v. Lehigh Cnty. Domestic Rel. Court*,
    621 Fed. Appx. 125 (3d Cir. 2015) ......................................................................7

*SimmsParris v. Countrywide Financial Corp.*,
    652 F.3d 355 (3d Cir. 2011) .................................................................................3

*Swartz v. SPX Corp.*,
    2015 U.S. Dist. LEXIS 166329 (M.D. Pa. Dec. 10, 2015) ..................................2

**Statutes**

15 U.S.C. § 1681h(e) ......................................................................................................7

15 U.S.C. § 1681s-2 .......................................................................................................6

15 U.S.C. § 1681s-2(a) ..................................................................................................2

15 U.S.C. § 1681s-2(b) ............................................................................................. 2, 4

15 U.S.C. § 1681s-2(d) ..................................................................................................3

15 U.S.C. § 1681t(b)(1)(F) ...................................................................................6

Fair Credit Reporting Act ..............................................................................*passim*

**Other Authorities**

Federal Rule of Civil Procedure 12(b)(6) ...............................................................1

Defendant Citibank, N.A. ("Citibank"), by its undersigned counsel, respectfully submits this brief in support of its motion to dismiss Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

## NATURE AND STAGE OF THE PROCEEDINGS

This action was commenced on June 7, 2023. On July 10, 2023, Citibank filed its Motion to Dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) (the "Motion"). This is Citibank's Opening Brief in Support of the Motion.

## SUMMARY OF ARGUMENT

Plaintiff alleges Citibank violated the federal Fair Credit Reporting Act ("FCRA"), defamed her, and intentionally inflicted emotional distress ("IIED") upon her by furnishing credit data to credit reporting agencies. Plaintiff's FCRA claim fails as a matter of law because Plaintiff has not alleged, and cannot allege, that she submitted disputes to the credit reporting agencies as required to pursue a claim under the FCRA. Plaintiff's defamation and IIED claims fail because they are preempted by the FCRA. For the foregoing reasons, and since none of these issues can be remedied through amended pleadings, Citibank respectfully requests Plaintiff's complaint be dismissed with prejudice.

## CONCISE STATEMENT OF FACTS

Plaintiff alleges that Citibank reported inaccurate information to credit reporting agencies about her Citibank credit card account. Compl. ¶¶ 1-4. Plaintiff does not allege, and cannot allege, that she disputed that information with the credit reporting agencies. *See id.* (generally).

## ARGUMENT

### I.   STANDARD OF REVIEW

To survive a motion to dismiss made pursuant to Fed. R. Civ. P. 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[A] court need not assume that a plaintiff can prove facts that the plaintiff has not alleged. A plaintiff must provide some factual grounds for relief, which 'requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'" *Swartz v. SPX Corp.*, 2015 U.S. Dist. LEXIS 166329, *4 (M.D. Pa. Dec. 10, 2015) (citations omitted) (quoting *Twombly*, 550 U.S. at 555).

### II.   PLAINTIFF'S FCRA CLAIM FAILS AS A MATTER OF LAW

The FCRA places certain duties on entities that furnish information to credit reporting agencies. Furnishers, such as Citibank, must provide accurate information to credit reporting agencies, 15 U.S.C. § 1681s-2(a), and must investigate any reports of inaccuracies reported to it by credit reporting agencies, 15 U.S.C. § 1681s-2(b).

2

The duty to furnish accurate information, however, does not provide for a private cause of action. Violations of that duty may only be pursued by government authorities. *See* 15 U.S.C. § 1681s-2(d) (providing that violations of § 1681s-2(a) may be pursued only by federal or state agencies); *SimmsParris v. Countrywide Financial Corp.*, 652 F.3d 355, 358 (3d Cir. 2011) (consumers cannot sue furnishers for the failure to report accurate information).

Consumers may only advance claims against furnishers under Section 1681s-2(b), which relates to the reasonableness of a furnisher's investigation after receiving notice of a consumer's dispute from the credit reporting agencies. *SimmsParris*, 652 F.3d at 358. A claim under Section 1681s-2(b) only exists if the consumer submits a dispute to the credit reporting agencies (disputes direct to furnishers are not actionable). *Id.* Thus, to state a claim under the Section 1681s-2(b), "a plaintiff must allege (1) that he notified a credit reporting agency ('CRA') of the dispute . . ., (2) that the CRA notified the party who furnished the information; and (3) that the party who furnished the information failed to investigate or rectify the disputed charge." *Horsch v. Wells Fargo Home Mortg.*, 94 F. Supp. 3d 665, 672 (E.D. Pa. 2015) (citation omitted); *SimmsParris*, 652 F.3d at 358 (same).

Plaintiff has not alleged (and cannot allege) that she submitted any dispute to the credit reporting agencies, and/or that the credit reporting agencies thereafter notified Citibank of her dispute. *See* Compl. That failure is critical to her claim.

*See, e.g., Eades v. Wetzel*, 841 F. App'x 489, 491 (3d Cir. 2021) ("a notice of a dispute 'must be given by a credit reporting agency, and cannot come directly from the consumer.'") (quoting *SimmsParris*, 652 F.3d at 358); *Krajewski v. Am. Honda Fin. Corp.*, 557 F. Supp. 2d 596, 609 (E.D. Pa. 2008) ("A furnisher of information is under no duty to conduct an investigation regarding a disputed entry on a consumer's credit report pursuant to § 1681s-2(b) until the furnisher receives notice of the dispute from a consumer reporting agency."); *Davenport v. Capio Partners, LLC*, No. 1:20-cv-1700, 2022 U.S. Dist. LEXIS 11771, at *13 (M.D. Pa. Jan. 21, 2022) ("Under the FCRA, a furnisher's statutory obligations are triggered 'only after the furnisher receives notice of a dispute from a CRA. . . .'") (citation omitted).

Stated simply, a furnisher's duty to investigate is not triggered until it receives notice from the credit reporting agency of the consumer's dispute. *Henderson v. Equable Ascent Fin., LLC*, 2011 U.S. Dist. LEXIS 127662, at * 8 (D.N.J. Nov. 4, 2011); *see also Dimedio v. HSBC Bank*, 2009 U.S. Dist. LEXIS 52238, at * 7 (D.N.J. June 22, 2009) (same). Since Plaintiff did not allege (and cannot allege) that she submitted her dispute to the credit reporting agencies or that the credit reporting agencies submitted that dispute to Citibank, she has not alleged a cause of action under the FCRA and that claim should be dismissed with prejudice. *See, e.g., Burrell v. DFS Servs., LLC*, 753 F. Supp.2d 438, 449 (D. N.J. Dec. 6, 2010) (granting motion to dismiss FCRA case in part because plaintiff failed to allege disputes submitted to

4

credit reporting agencies); *Abeer Tutanki v. Bank of Am.*, 2012 U.S. Dist LEXIS 75271, at *14 (D.N.J. May 31, 2012) (granting motion to dismiss because "Plaintiff fail[e]d to articulate any facts showing that Defendant breached the requirements of the FCRA with respect to a duty to investigate a dispute since Plaintiff does not allege that she sent notice of disputed information to a consumer reporting agency so as to trigger said agency's notification of Defendant and Defendant's duty to investigate and modify the inaccurate information.").

Plaintiff's FCRA claim also fails because she does not allege how or why the data furnished was purportedly inaccurate. Courts across the country agree that plaintiffs must allege a specific factual inaccuracy (including why it is inaccurate) to state plausible claim under the FCRA. *See, e.g., Holland v. Chase Bank United States, N.A.*, 475 F. Supp. 3d 272, 277 (S.D.N.Y. 2020) (specific factual inaccuracy must be pled to state a claim under the FCRA); *Batterman v. BR Carroll Glenridge, LLC*, 2020 U.S. Dist. LEXIS 63117, at *14 (N.D. Ga. Apr. 10, 2020) (same); *Leboon v. Equifax Info. Servs., LLC*, 2020 U.S. Dist. LEXIS 21140, at *17, 20–21 (E.D. Pa. Feb. 6, 2020) (same); *Berkery v. Equifax Info. Servs. LLC*, 2019 U.S. Dist. LEXIS 73906, at *7 (E.D. Pa. May 2, 2019) ("The Court grants the motion to dismiss as to both claims because [the plaintiff] failed to plead that a factual inaccuracy was included on his credit reports."); *Doster v. Experian Info. Sols.*, 2017 U.S. Dist. LEXIS 8412, at *17–18 (N.D. Cal. Jan. 20, 2017) (granting motion to dismiss FCRA

5

claim where "Plaintiff's FAC ma[de] only general and unspecified allegations that her credit report . . . contained inaccuracies," and "if a plaintiff cannot establish that a credit report contained an actual inaccuracy, then the plaintiff's claims fail as a matter of law"); *Covington v. Equifax Info. Servs.*, 2019 U.S. Dist. LEXIS 152959, at *6, *11 (D.N.J. Sept. 6, 2019) (recognizing that identifying a specific factual inaccuracy is an essential element of a FCRA claim). Plaintiff's bald claim that it was wrong to report the account as "derogatory" or "collection/charge off" is insufficient to satisfy this requirement, because Plaintiff does not allege how or why that data is purportedly inaccurate.

### III. PLAINTIFF'S STATE LAW CLAIMS ARE PREEMPTED

The FCRA broadly preempts any state law "requirement[s] or prohibition[s] . . . with respect to any subject matter regulated under Section 1681s-2 of this title, relating to the responsibilities of any persons who furnish information to consumer reporting agencies." 15 U.S.C. § 1681t(b)(1)(F). Courts in this district have interpreted this section to "preempt[] all state statutory and common law claims that may be raised against furnishers of information" related to credit reporting. *Hamer v. Navient Corp.*, 2019 U.S. Dist. LEXIS 140741, *8 (D. Del. Aug. 19 2019); *see also Davis v. BAC Home Loans Servicing, L.P.*, 2022 U.S. Dist. LEXIS 177929, *13 n.4 (D. Del. Sept. 28, 2022) (noting Section 1681t(b)(1)(F) preempts state law claims); *Labreck v. Bank of Am., N.A.*, 2017 U.S. Dist. LEXIS 183314, *3 (D. Del.

Nov. 6, 2017) (finding amended complaint asserting state law claims grounded in credit reporting to be futile because they were preempted by Section 1681t(b)(1)(F)); *Cosmas v. Am. Express Centurion Bank*, 757 F.Supp.2d 489, 499 (D. N.J. 2010). (Section 1681t(b)(1)(F) preempts all state law claims). Plaintiff's defamation and IIED claims are grounded entirely in Citibank's furnishing of credit data. *See* Compl. Those claims are, therefore, wholly preempted by Section 1681t(b)(1)(F) of the FCRA, and should be dismissed with prejudice.

Finally, the FCRA also includes a limitation of liability provision that bars defamation claims unless the data is furnished with "malice or willful intent to injure." 15 U.S.C. § 1681h(e); *Parker v. Lehigh Cnty. Domestic Rel. Court*, 621 Fed. Appx. 125, 130 (3d Cir. 2015). Plaintiff does not plead malice or willful intent to injure and her defamation claim is thus also barred by this section of the FCRA.

## CONCLUSION

For the foregoing reasons, Citibank respectfully requests that the Court enter an Order dismissing Plaintiff's claims against Citibank with prejudice, and grant any such other relief as the Court deems proper.

Dated: July 10, 2023

OF COUNSEL

Daniel J. McKenna
BALLARD SPAHR LLP
1735 Market Street
Philadelphia, PA 19103
Email: mckennad@ballardspahr.com

Respectfully submitted,

*/s/ R. Michael Lindsey*
R. Michael Lindsey (# 2711)
BALLARD SPAHR LLP
919 N. Market Street,
11th Fl.
Wilmington, DE 19801
Telephone: (302) 252-4465
Facsimile: (302) 252-4466
Email: LindseyRM@ballardspahr.com

*Attorneys for Defendant Citibank N.A.*

8

## **CERTIFICATE OF COMPLIANCE**

The undersigned counsel certifies that the attached brief complies with the type, font, and word limitations set forth in Judge Connolly's November 10, 2022 Standing Order Regarding Briefing in All Cases. According to the word processing system used to prepare it, the brief contains 1,633 words, excluding the case caption, tables and signature block. The text of this document, including footnotes, was prepared in Times New Roman, 14 point font.

                                           /s/ *R. Michael Lindsey*
                                           R. Michael Lindsey (DE I.D. No. 2711)

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 10th day of July, 2023, I have caused a true and correct copy of the foregoing to be served with the Clerk of Court using the CM/ECF system, and upon Plaintiff by First Class Mail to her last known address as listed in the Complaint as follows:

>Marie L. Smith
>208 Oakwood Place
>Middletown DE 19709-8620

>/s/ *R. Michael Lindsey*
>R. Michael Lindsey (DE I.D. No. 2711)