IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MARIE L. SMITH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civ. No. 23-621-CFC |
| ) | |
| CITIBANK, ) | |
| ) | |
| Defendant. ) | |

Marie L. Smith, Middletown, Delaware, Pro se Plaintiff.

R. Michael Lindsey, Esq., Ballard Spahr LLP, Wilmington, Delaware. Counsel for Defendant.

**MEMORANDUM OPINION**

March 25, 2024
Wilmington, Delaware

**CONNOLLY, Chief Judge:**

On June 7, 2023, Marie L. Smith, who appears *pro se* and has paid the filing fee, commenced this action under the Fair Credit Reporting Act ("FCRA") against Defendant Citibank. Before the Court is Defendant's motion to dismiss. (D.I. 4) The matter is fully briefed.

## I.   BACKGROUND

Plaintiff alleges that Defendant's inaccurate reporting of information to credit reporting agencies violated the FCRA and constituted defamation and intentional infliction of emotional distress ("IIED"). She seeks declaratory and injunctive relief, as well as damages.

Defendant moves to dismiss, arguing that Plaintiff's allegations fail to state a claim under the FCRA because she did not allege that she notified any credit reporting agencies of the allegedly inaccurate information, that any credit reporting agencies notified Defendant of the dispute, and that Defendant failed to investigate in response to such notification. Defendant further argues that Plaintiff's IIED claim is preempted by the FCRA and that her defamation claim fails because she did not allege that the allegedly inaccurate data was furnished with malice or willful intent to injure. In her response and sur-reply, Plaintiff does not challenge any of these points specifically, but rather continues to assert that she has stated a legally sufficient claim.

## II.   LEGAL STANDARD

In reviewing a motion to dismiss filed under Fed. R. Civ. P. 12(b)(6), the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to Plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Because Plaintiff proceeds *pro se*, her pleading is liberally construed and her Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94.

A Rule 12(b)(6) motion may be granted only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the complainant, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). "Though 'detailed factual allegations' are not required, a complaint must do more than simply provide 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (quoting *Twombly*, 550 U.S. at 555). The Court is "not required to credit bald assertions or legal conclusions improperly alleged in the complaint." *In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 311 F.3d 198, 216 (3d Cir. 2002). A complaint may not be dismissed, however, "for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby*, 574 U.S. 10, 11 (2014).

A complainant must plead facts sufficient to show that a claim has "substantive plausibility." *Id.* at 12. That plausibility must be found on the face of the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the [complainant] pleads factual content that allows the court to draw the reasonable inference that the [accused] is liable for the misconduct alleged." *Id.* Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

### III. DISCUSSION

The FCRA was intended "to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 52 (2007). The Act imposes certain duties on both consumer reporting agencies and those who furnish information to such agencies. *Seamans v. Temple Univ.*, 744 F.3d 853, 860 (3d Cir. 2014). Claims against a furnisher of information can only be brought under 15 U.S.C. § 1681s–2(b). *SimmsParris v. Countrywide Fin. Corp.*, 652 F.3d 355, 358 (3d Cir. 2011).

> To bring suit under the FCRA against a furnisher of information,
>
> a consumer must first alert the credit reporting agency that reported the allegedly erroneous information of a dispute. It is then up to the reporting agency to inform the furnisher of information that there has been a dispute, thereby triggering the furnisher's duty to investigate. It is only when the furnisher fails

3

to undertake a reasonable investigation following such notice that it may become liable to a private litigant under § 1681s–2(b).

*Id.* at 359.

In her Complaint Plaintiff did not allege that any of these steps occurred. After Defendant argued for dismissal based on this deficiency, Plaintiff filed a response and then a sur-reply, and effectively conceded in those filings that none of these steps occurred. Accordingly, she has failed to state a claim under the FCRA.

Plaintiff's IIED claim is preempted by the FCRA, *see* 15 U.S.C. § 1681t(b)(1)(F); *Davis v. BAC Home Loans Servicing, L.P.*, 2022 WL 4535623, *5 n.4 (D. Del. Sept. 28, 2022); *Leboon v. Ds Waters of America, Inc.*, 2021 WL 1193239, at *3 (E.D. Pa. Mar. 30, 2021), and her defamation claim fails because her allegations do not, and cannot, demonstrate that the allegedly inaccurate data was furnished with "malice or willful intent to injure." 15 U.S.C. § 1681h(e); *Parker v. Lehigh Cnty. Domestic Rel. Court*, 621 F. App'x 125, 130 (3d Cir. 2015).

In sum, Plaintiff has failed to state a claim and amendment is futile.

## IV. CONCLUSION

For the reasons discussed above, the Court will grant Defendant's motion to dismiss.

The Court will issue an Order consistent with this Memorandum Opinion.

4